UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KLODIAN YZO,

    Petitioner,

v.

Civil No. 07 - 11798
HON. LAWRENCE P. ZATKOFF

ALBERTO R. GONZALES, as Attorney
General of the United States; MICHAEL
CHERTOFF, as Secretary of the United
States Department of Homeland Security;
EDUARDO AGUIRRE, Director of the
Bureau of Immigration and Customs
Enforcement; and VINCENT J. CLAUSEN,
Field Director of the Detroit District of the
Immigration and Customs Enforcement,

    Respondents.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on June 25, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Klodian Yzo ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. §2241 on April 24, 2007 (the "Habeas Petition") (Docket #1). On April 26, 2007, the Court issued an Order Directing Service and stayed the deportation of Petitioner. The Government filed a response in opposition to the Habeas Petition and a Motion to Lift Stay of Removal (Docket #4). Petitioner then filed a Traverse to the Government's response and Motion to Lift Stay of Removal and requested that he be released on bond (Docket #7). Finally, the Government filed a reply brief.

The Court finds that the facts and legal arguments pertinent to the parties' motions are adequately presented in the parties' filings, and the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted, without this Court entertaining oral arguments.

## II. BACKGROUND

On or about April 20, 2001, Petitioner, a native and citizen of Albania, was paroled into the United States. Upon entry to the United States, Petitioner had in his possession several Slovenian documents (a passport, driver's license and a custom's declaration form) in the name of Franci Kozar. Subsequent to his arrival, Petitioner timely applied for asylum based on his fear of returning to his native land. Petitioner, allegedly a highly active member of the Albanian Democratic Party, asserted that if he returned to Albania, he would be targeted and persecuted based on his affiliation with the Democratic Party. Petitioner was put into removal proceedings shortly after his arrival, and he quickly retained counsel to represent him at the asylum hearing and throughout his removal proceedings. Petitioner believes his counsel failed to adequately advocate for and submit critical documents to the Immigration Judge. Petitioner believes that because of this fundamental defect in representation, Petitioner's asylum claim was not properly substantiated. On January 11, 2002, Petitioner was denied relief at the trial level, where the Immigration Judge characterized Petitioner's asylum application as frivolous and found Petitioner's testimony to lack credibility. The Immigration Judge's decision was affirmed by the Board of Immigration Appeals ("BIA") on October 23, 2003. Petitioner has been subject to a final order of removal since that date.

Shortly after the BIA affirmed the lower court's decision, Petitioner moved to Michigan and

retained the legal services of another attorney, allegedly for the sole reason of filing a Motion to Reopen with the BIA. According to Petitioner, that attorney never filed any motion with the BIA and also failed to file other critical documents and items that were imperative to establishing Petitioner's claims. Throughout this period, Petitioner claims he was under the assumption that the motion was filed and that a decision had not been made yet.

On March 12, 2007, Petitioner was taken into custody by the Bureau of Immigration and Customs Enforcement ("BICE"). He remains in the William Dickerson Detention Facility at this time, despite numerous requests to be released on an Order of Supervision. On April 26, 2007, immigration authorities attempted to remove Petitioner to Albania, but this Court entered a Stay of Removal on behalf of Petitioner pursuant to 28 U.S.C. §1651.

### III. ANALYSIS

**A.      Jurisdiction of this Court**

The Government asserts that this Court does not have jurisdiction to enjoin Petitioner's removal from the United States and asks the Court to deny the petition for writ of habeas corpus and lift the stay of removal imposed on April 26, 2007. The purpose of the habeas corpus statute is to provide relief for persons who are detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

   *1.      The REAL ID Act of 2005*

Section 106(a) of The REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231, amended section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and addresses the judicial bodies that have jurisdiction

to review any removal order for an alien. As amended, INA § 242(a)(5) provides in pertinent part:

> (5) EXCLUSIVE MEANS OF REVIEW. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Codes, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the ***sole and exclusive*** means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

(emphasis added). The statute further provides that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 28 U.S.C. §1252(b)(2).

Numerous courts, most importantly the Sixth Circuit Court of Appeals, have recognized that the REAL ID Act provides that the *only* court with jurisdiction to review a challenge to an order of removal is the relevant court of appeals. *See Feldman v. Gonzales*, 2005 WL 3113488, at *2 (6th Cir., November 21, 2005) (unpublished). *See also Kumar v. Gonzales*, 2007 WL 708628, at *2-3 (W.D. Mich., March 5, 2007). The legislative history of the REAL ID Act supports that interpretation, as one of the purposes of Section 106 of the REAL ID Act was to "address the anomalies created by *St. Cyr*[1] and its progeny by restoring uniformity and order to the law," and it was intended that this section would constitute an "adequate and effective substitute for habeas corpus." *See* Congressional Record, H 2872-73.

---

[1] *INS v. St. Cyr*, 533 U.S. 289 (2001).

*2. Constitutional Claims*

Petitioner asserts that he is not challenging the order of removal but is asserting constitutional claims of Fifth and Sixth Amendment deprivations. Petitioner claims that his due process rights under the Fifth Amendment have been and are being violated because he has "not had a meaningful opportunity to address first, his meritorious asylum claim, and second, the propriety of his release from detention." Petitioner also asserts that his Sixth Amendment right to effective assistance of counsel has been violated because his attorney in Florida and his attorney in Michigan failed to file necessary documents or provide effective representation.

The Court cannot agree with Petitioner's argument, for several reasons. First, although Petitioner challenges his detention, the fact of the matter is that his detention is only illegal if the order of removal was erroneously entered. If the order of removal is valid, so is the BICE's action in detaining him. At this time, therefore, Petitioner's true objective is, and must be, to challenge the order of removal entered by the Immigration Judge and upheld by the BIA. His argument that he has "not had a meaningful opportunity to address . . . his meritorious asylum claim, and . . . the propriety of his release from detention" exemplifies that objective.

Second, the language of the REAL ID Act clearly provides that actions filed pursuant to 28 U.S.C. §2241 with respect to immigration matters (as this case is) are within the sole and exclusive jurisdiction of the federal court of appeals in the judicial circuit where the immigration judge completed the proceedings. *See* 28 U.S.C. §1252(b)(2); Section III.A.1., *supra.*

Finally, as the *Kumar* and *Feldman* courts determined, "claims of ineffective assistance of counsel are no different in kind from the classic petition for habeas corpus routinely filed by criminal defendants who alleged their convictions are invalid due to the ineffective

5

assistance of counsel. It is precisely this type of petition for writ of habeas corpus which the REAL ID Act precludes this [district] court from hearing." *Kumar*, 2007 WL 708628, at *3. *See also Feldman*, 2005 WL 3113488, at *2 (finding that the REAL ID Act precluded district court's jurisdiction where petitioner's basis for filing a habeas corpus petition was ineffective assistance of counsel).

Accordingly, pursuant to the REAL ID Act, this Court has no jurisdiction to review Petitioner's removal order or to consider the "Habeas Petition" he has filed. Any such challenge must be brought in the Eleventh Circuit Court of Appeals, which has sole and exclusive jurisdiction to review an order of removal issued in Florida.

**B.     Stay of Removal is Vacated**

As this Court is without jurisdiction to review the removal order, it is also without jurisdiction to stay the operation of that order. The REAL ID Act specifically amended § 242(g) of the INA, 8 U.S.C. § 1252(g), to provide that district courts cannot issue stays of removal in habeas cases. As amended, § 1252(g) provides as follows (amendment in bold):

> (g)     Exclusive jurisdiction. Except as provided in this section and notwithstanding any other provision of law **(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title**, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien under this Act.

(emphasis added). Thus, this Court does not have jurisdiction to consider petitioner's request for a stay of removal, and the stay issued by the Court on April 26, 2007, is hereby VACATED.

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, (1) this Court does not have subject matter jurisdiction over Petitioner's cause of action, (2) the Government's Motion to Lift Stay of Removal is GRANTED, (3) this Court's Order to Stay Removal dated April 26, 2007, is VACATED, and (4) Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE. As this Court lacks jurisdiction over this matter, this Court does not address Petitioner's request to be released on bond. Judgment shall be entered accordingly.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 25, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290